COURT OF CRIMINAL APPEALS    82,981-01

RECEIVED IN
COURT OF CRIMINAL APPEALS
FEB 25 2015    REV
Abel Acosta, Clerk

LOWELL QUINCY GREEN

V.

STATE OF TEXAS

This document contains some
pages that are of poor quality
at the time of imaging.

Re: 54th Criminal District Court, Non-Compliance with
Criminal ~~Court~~ Code of Procedure Article 11.07

Honorable Judge,

In my capacity as "applicant." I have exhausted the remedy available to me requesting that the 54th Criminal District Court Clerk Comply with Article 11.07 C.C.P. by forwarding my (3) Applications of Habeas Corpus to the Court of Criminal Appeals in Austin, Tx.

However, the clerk has failed to comply. Whereas, I filed (3) valid, seperate "Applications For Habeas Corpus in reference to (3) seperate Convictions alleging valid claims of "Prosecutorial" Fourteeth Amendment violation and "Ineffective Assistance of Counsel" Sixth Amendment violation; reference Cause no. 2012-709-C2, 2012-790-C2 and 2012-791-C2. I have not received a reply or response from the Court or Clerk as required in Compliance with Art. 11.07 C.C.P.

Further, due to non-Compliance a writ of Mandamus has been filed on ~~behf~~ behalf of Applicant.

RECEIVED IN
COURT OF CRIMINAL APPEALS
MAR 10 2015
Abel Acosta, Clerk

(Please See Other Side)

Enclosed: Applicants Letter's To District Clerk
Applicants Writ Of Mandamus

Wherefore, Applicant prays that the Court grant applicant relief to which he may be entitled in this proceedings.

Sincerely,
Lowell Quincy Green
Lowell Q. Green

District Clerk
Mclennan County Courthouse
Waco, Texas. 76701

Re: Ex parte LOWELL QUINCY GREEN
Application's For Writ of Habeas Corpus

Dear Madam:

Enclosed is the original Applicant's Application for Writ of Habeas Corpus in the above-styled Cause(s). Please file this and bring it to the attention of the Court. Please serve a copy of this application to the attorney representing the State as provided in the Texas Code of Criminal Procedure, art. 11.07.

Thank you for your assistance in this matter.

Sincerely.

_Lowell Quincy Green_
Pro Se Offender
TDCJ-ID # 518622

PS. Could you please make the appropriate (3) copies and file them with the appropriate parties. TDCJ-ID DO NOT provide access to copy machine.

[ Note: I mailed a cover letter with each 11.07 Application in reference to each cause number ].

Lowell Quincy Green
          V.
State of Texas


Re: Application's For Writ of Habeas Corpus 11.07 C.C.P.
    in reference to Cause No. 2012-709-C2, 2012-790-C2, 2012-791-C2.


Dear Ms. Matkins:
     I mailed (3) 11.07 Writs of habeas corpus in reference to the above mentioned Cause number's on January 9, 2015 documented legal mail through the Texas Dept. Criminal Justice Institutional Division (TDCJ-ID). However, I have not received a reply from the 54th District Court as required in Compliance with Criminal Code of Procedure Article 11.07...
     Under our federal system, the federal and State Courts [are] equally bound to guard and protect the rights secured by the Constitution", Rose v. Lundy, 455 U.S., at 518, 102 S.Ct., at 1203, quoting Ex parte Royall, 117 U.S. 241, 251, 6 S.Ct. 734, 740, 29 L. Ed. 868 (1886). Accordingly, State prisoners are required to present their federal claims to State tribunals before proceeding to federal habeas, "to protect the State Courts' role in the enforcement of federal law and prevent disruptions of State judicial proceedings. 455 U.S., at 518, 102 S.Ct., at 1203. See, 28 U.S.C. § 2254.
     Respect for the State Courts responsible assumption of this solemn trust compels the Conclusions that State Courts presented with federal Constitutional claims actually

(Please see other side)

resolve those claims unless they indicate to the contrary. Cf. Brown v. Allen, 344 U.S., at 512, 73 S. Ct., at 448-449 (opinion of Frankfurter, J.) ("[The availability of the writ of habeas corpus] does not mean that prison doors may readily be opened. It does mean that explanation may be exacted why they should remain closed").

However, the Court has abandon its role in compliance with the writ of habeas corpus. Applicant now request that the clerk comply with "Article 11.07" by forwarding the "application's" to the Court of Criminal Appeals in Austin, Texas.

Failure to comply with this request will result in the filing of a Writ of Mandamus due to none compliance.

Your concern is highly appreciated.


Sincerely,
Lowell Q. Green

CAUSE NO. 2012-709-C2,
2012-790-C2,
2012-791-C2

LOWELL QUINCY GREEN          IN THE 54TH JUDICIAL
TDCJ-ID # 518622             DISTRICT COURT OF
       RELATOR               MCLENNAN COUNTY, TEXAS

V.

KAREN MATKIN, COUNTY DISTRICT CLERK:
IN HER OFFICIAL CAPACITY,
          RESPONDENT

A. PLAINTIFF'S ORIGINAL APPLICATION WRIT OF MANDAMUS
TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, LOWELL QUINCY GREEN, Realtor, pro se in the aboved-styled and numbered Cause(s) of action and files this Original Application For Writ of Mandamus, pursuant to Article 11.07 Section 3.(6) of the Texas Code of Criminal Procedure, and would show the Court the following:

B. RELATOR

1.01 LOWELL QUINCY GREEN, 518622 is an offender incarcerated in the Texas Department of Criminal Justice and is appearing pro se, who can be located at COFFIELD UNIT 2661 FM 2054, TENNESSEE COLONY, TX. 75884, ANDERSON COUNTY. #(903-928-2211).

1.02 Realtor has exhausted his remedies and has no

(Please see other side)

other adequate remedy at Law.

1.03 The act sought to be completed (compelled) is ministerial, not discretionary in nature. T.C.C.P Art. 11.07 Section (3)(c) requires Respondant to immediately transmit to the Court of Criminal Appeals a copy of the application for writ of habeas Corpus, any answers filed, and a certificate reciting the date upon which that finding was made, if the convicting court decides that there are no issues to resolved. No copy of the application for writ of habeas Corpus, any answers filed, and a certificate reciting the date upon which that finding was made, have been transmitted to the Court of Criminal Appeals. Had such documents been transmitted to the Court of Criminal Appeals by Respondant as required by statute, Realtor would have received notice from the Court of Criminal Appeals.

C. **RESPONDENT**

II.

201 Respondant, Karen Matkin, in her capacity as District Clerk of McLennan County, Texas has a ministerial duty to receive and file all papers in a criminal proceeding, and perform all other duties imposed on the clerk by law pursuant to TCCP Art. 2.21, and is responsible under TCCP 11.07 Sec. 3(c) to "immediately transmit to the Court of Criminal Appeals a copy of the application for writ

habeas corpus, any answered filed, and a certificate reciting the date upon which that finding was made if the Convicting Court decides that there are no issues to be resolved.

Karen Matkin, District Clerk, ~~McLennan~~ County may be served at her place of business at 501 Washington Ave. Rm. 300 Waco, Texas. 76701.

## III.

D. VIOLATION OF ARTICLE 11.07 OF THE TEXAS CODE OF CRIMINAL PROCEDURE

3.01 The Respondent violated Article 11.07 Section 3(c) of the Texas Code of Criminal Procedure by failing to provide a copy of the application for writ of habeas corpus, any answers filed, and a certificate reciting the date upon which that finding was made to the Court of Criminal Appeals within the time prescribed by law and within a reasonable time from the date on which the documents were requested to be transmitted.

3.02 Requests for the transmittal of the application for writ of habeas corpus, any answers filed, and a certificate reciting the date upon which that finding was made were made by Realtor to Karen Matkin, District Clerk, McLennan County, by certified mailed letters dated 11/09/15; 11/22/15:

(Please see other side)

pursuant to Article 11.07 Section 3 (c) of the Code of Criminal Procedure. True and accurate copies of the above letters are attached hereto as Exhibits "A" through "B" and are incorporated by reference herein for all purpose.

3.03 To date, Relator has received no response from Respondent regarding Relator's request for transmittal of a copy of the application for writ of habeas corpus, any answers filed, and a certificate reciting the date upon which that finding was made to the Court of Criminal Appeals.

3.04 As is clear from Relator's letter, Relator has repeatly put Respondent on notice that Relator seeks the transmittal of a copy of the application for writ of habeas corpus, any answers filed, and a certificate reciting the date upon which that finding was made to the Court of Criminal Appeals and that such records are required by the Court of Criminal Appeals to act on Relator's writ of habeas corpus. Relator has gone well beyond any requirement or obligations imposed upon him by the Texas Code of Criminal Procedure. In contrast to Relator's efforts, Respondent has wholly failed to comply with the Texas Code of Criminal Procedure, Article 11.07 Section 3 (c), is

acting in bad faith, and has also failed to afford Realtor the professional and common courtesy of any written responses to his correspondence and requests.

3.05 Article 11.07 Section 3(c) clearly states that "[i]f the Convicting Court decides that there are no such issues, the Clerk shall immediately transmit [emphasis added] to the Court of Criminal Appeals a copy of the application, any answered filed, and a certificate reciting the date upon which that finding was made. Failure of the Court to act within the allowed 20 days shall constitute such a finding." Texas Code of Criminal Procedure Article 11.07 Sec. 3(c). Respondent is in violation of this procedure, ministerial duties, and thus the laws of this State.

IV.

D. PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Realtor, Lowell Quincy Green, pro se, respectfully requests a finding that the Respondent did not transmit documents to the Court of Criminal Appeals within a reasonable time after the date they were requested and that Realtor brought this litigation in good faith and has substantially prevailed. Realtor prays for an Order directing Respondent to transmit copy of the application for writ of habeas corpus, any answers filed, and a certificate reciting the date upon which

that finding was made to the Court of Criminal Appeals as directed in Article 11.07 Section 3(c) of the Texas Code of Criminal Procedure and as requested in Relator's letters (Exhibits "A" through "B").

Respectfully submitted,

By: Lowell Quincy Green
RELATOR

# INMATE'S DECLARATION

I, Lavell Quincy Green, am the applicant and being presently incarcerated in Texas Department of Criminal Justice - Institutional Division, declare under penalty of perjury that, according to my behalf, the facts stated in the above application are true and correct.

Signed on <u>February 9, 2015</u>

<u>Lavell Quincy Green</u>
Signature of Applicant
( RELATOR)

THE STATE OF TEXAS §
COUNTY OF ANDERSON §
§
§

## E. AFFIDAVIT

I swear under oath that the facts and allegations in the above APPLICATIONS FOR WRIT OF MANDAMUS are true and correct.

_Lowell Quincy Green_
RELATOR

SIGNED UNDER OATH BEFORE ME, on this the ____ day of ____, 20 ____.

_____
Notary Public in and for the State of Texas

_____
Printed or Typed name
My Commission expires ____

## F. CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above APPLICATION FOR WRIT OF MANDAMUS was served on _February 9 2015_ by placing a copy in the U.S. Mail addressed to Karen Matkin on this the 9th day of _Feb_ 20 15.

_Lowell Quincy Green_
RELATOR

(Please See Other Side)

CAUSE NO. 2012-709-C2,
2012-790-C2,
2012-791-C2,

LOWELL QUINCY GREEN
TDCJ-ID 518622,
RELATOR

IN THE 54TH JUDICIAL

V.

DISTRICT COURT OF

KAREN MATKIN COUNTY DISTRICT CLERK:
IN HER OFFICIAL CAPACITY,
RESPONDENT

MCLENNAN COUNTY, TEXAS

## ORDER

On this day, came on to be heard the foregoing Relator's Application for Writ of Mandamus and it appears to the Court that the same should be:

_____ GRANTED

IT IS THEREFORE ORDERED THAT the District Clerk shall immediately transmit to the Court of Criminal Appeals a copy of the applications for Writ of habeas Corpus', and answers filed', and a Certificate reciting the date upon which that transmittal was made.

SIGNED on this the ____ day of _____, 2015.

_____
PRESIDING JUDGE